961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles Ray HOPKINS, Plaintiff-Appellant,
v.
A. BELASKI, Warden, FCI Englewood, Littleton, CO; T. Allen,
Captain, (Acting) FCI Englewood, Littleton, CO; D. Reno,
Lieutenant (SIS), FCI Englewood, Littleton, CO; M. Brusca,
Lieutenant, FCI Englewood, CO; T. Carlton, Corr. Officer,
FCI Englewood, Littleton, CO, Defendants-Appellees.
 No. 91-1329.
 United States Court of Appeals, Tenth Circuit.
 April 16, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Charles Ray Hopkins appeals the dismissal of his Bivens action[1] against five corrections officials at the federal correctional institution at Englewood, Colorado.
 
 
 3
 On May 20, 1990, Hopkins was placed in administrative detention pending investigation of his role in a planned food strike. From administrative detention he was transferred to another correctional facility. In his complaint, Hopkins contends that he had a constitutional due process right to a hearing prior to or during the administrative detention, although he acknowledges that the detention was for investigative purposes, and that he was transferred. Hopkins also contends in his complaint that his constitutional rights to the free exercise of his religious beliefs were violated while he was in administrative detention because he was allegedly denied access to two hardcover religious books. There is no dispute that Hopkins was permitted to have a copy of the Koran and softcover religious books. For these alleged denials of due process and First Amendment rights, Hopkins complaint seeks injunctive, declaratory, and monetary relief.
 
 
 4
 The magistrate judge conducted a telephone interview in order to elicit information, Martinez v. Arron, 570 F.2d 317 (10th Cir.1978), for the purpose of identifying and clarifying the issues in the complaint. See Hall v. Bellmon, 935 F.2d 1106, 1112 (10th Cir.1991). Based upon the allegations of the complaint, and the Martinez hearing, the magistrate judge recommended that Hopkins' complaint be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Thereafter, the district court conducted a de novo review and ordered Hopkins' complaint dismissed on the same ground. On appeal, Hopkins reurges the contentions set forth in his complaint.
 
 
 5
 Based upon a careful review of the record, including Hopkins' pleadings and arguments, we conclude that Hopkins has failed to state a cognizable claim for relief. Accordingly, we AFFIRM the district court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)